**HA** **HIMMELSTEIN** **& ADKINS**

Ben J. Himmelstein (023267)
Erik D. Smith (033060)
Jordan C. Wolff (034110)
6720 North Scottsdale Road, Suite 261
Scottsdale, Arizona 85253
(480) 922-3933
BJH@H-A.Law
EDS@H-A.Law
JCW@H-A.Law
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Melanie Beauchamp,<br><br>                    Plaintiff,<br><br>          vs.<br><br>Mary Kate Flaherty,<br><br>                    Defendant. | Case No.:<br><br>Maricopa County Case No.<br>CV2024-007044<br><br>**NOTICE OF REMOVAL**<br><br>(Diverty of Citizenship) |

Defendant Mary Kate Flaherty removes this action from the Superior Court of the State of Arizona, in and for the County of Maricopa, to the United States District Court for the District of Arizona, Phoenix Division.

Plaintiff Melanie Beauchamp's Complaint ("Complaint") asserts four counts against Defendant: (1) false light; (2) defamation; (3) business disparagement; and (4) intentional and negligent infliction of emotional distress. *See* Compl. at 3-4 attached hereto as **Exhibit 1**.

Removal is appropriate in this case based on diversity because there is complete diversity between the parties in this action. Plaintiff alleges, and Defendant agrees, that Plaintiff is a resident of Arizona. *See* Ex. 1. at ¶ 1. Defendant is a resident of Massachusetts. *See* Flaherty Decl. attached hereto as **Exhibit 2** and referred to as the "Flaherty Declaration". Therefore, there is complete diversity between the parties to this action.

Plaintiff's Complaint requests "[p]unitive damages of not less than $5,000,000." *See* Exhibit 1 at 4. Plaintiff's Civil Cover Sheet accompanying the Complaint alleges "$5,000,000" as the "amount claimed" in damages. *See.* Civil Cover Sheet attached hereto as Exhibit 3.  Therefore, since Plaintiff claims damages of $5,000,000, the parties agree that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1446(c)(2)(A)(ii).

A.    **NATURE OF THE MATTER.**

1.    On April 1, 2024, Plaintiff filed a civil action against Defendant in the Superior Court of Maricopa County, Arizona, captioned as *Melanie Beauchamp v. Mry Kate Flaherty*,[1] Case No. CV2024-007044 (the "Complaint"). *See* Ex. 1.

2.    Defendant was not properly served; however she received a copy of the Summons and Complaint on April 19, 2024. *See* Ex. 2.

3.    The Complaint alleges that Flaherty made defamatory and other tortious statements about Plaintiff and Plaintiff's business to Defendant's TikTok followers *See* Ex. 1, ¶ 8.

---

[1] The correct spelling of Defendant's name is Mary Kate Flaherty.

4.      The Complaint asserts claims for: (1) false light; (2) defamation; (3) business disparagement; and (4) intentional and negligent infliction of emotional distress. *See id.* at 3-4.

**B.      REMOVAL IS PROPER BASED ON COMPLETE DIVERSITY.**

1.      Under 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions based on diversity of the parties.

2.      Under 28 U.S.C. §§ 1441 and 1446, Congress has granted defendants the statutory right to remove a case from a state court to a United States district court where that case originally could have been filed. See 28 U.S.C. § 1441(a). Article III, Section 2 of the United States Constitution extends original jurisdiction to federal courts over controversies "between citizens of different states." U.S. Const. art. III, § 2; see also 28 U.S.C. § 1332(a)(1).

3.      As discussed herein, removal is proper in this case as complete diversity jurisdiction exists between the Plaintiff and the Defendant.

**C.      Complete Diversity of Citizenship Exists.**

1.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

2.      Plaintiff is a citizen of Arizona (Exhibit 1, Complaint, ¶ 1).

3.      Defendant is a citizen of Massachusetts (Exhibit 2, Flaherty Decl., ¶ 2).

4.      Removal is proper based on diversity of citizenship under 28 U.S.C. § 1332(a), because complete diversity exists between Plaintiff and Defendant.

**D.      The Jurisdictional Amount is Satisfied by a Preponderance of the Evidence.**

1.      Removal rights exist in a case between diverse parties where the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a).

2.      The Complaint alleges that as a result of Defendant's conduct, including "Defendant made the [defamatory] statement to harm Plaintiff's reputation and Defendant that statement to over 18,000 people," "Defendant encouraged 19,000 people to file complaints against Plaintiff, cancel subscriptions, request returns and stop buying the product," and Plaintiff has allegedly suffered "significant business losses," "injury to her reputation and income," and "severe, extreme emotional distress." *See* Ex. 1, at 3-4.

3.      Plaintiff also claims entitlement to punitive damages "of not less than $5,000,000" *Id*. at 4.

4.      Plaintiff's Civil Cover Sheet accompanying the Complaint alleges $5,000,000 as the "amount claimed" for Plaintiff's damages. *See* Ex. 3.

5.      When analyzing the jurisdictional amount, punitive damages may be considered along with actual compensatory damages. See *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.").

6.      The parties agree that the $75,000 amount in controversy jurisdictional requirement is met here based on Plaintiff's allegations in the Complaint. Therefore, the jurisdictional threshold set by 28 U.S.C. § 1332 has been established.

**E.** **This Notice Of Removal Is Procedurally Proper And Does Not Waive Defendants' Personal Jurisdiction Defense.**

1. This Notice of Removal is being filed within 30 days after April 19, 2024, the date Defendant received copies of the Complaint, and is thus timely as set forth in 28 U.S.C. § 1446(b). *See* Ex. 2, ¶ 3.

2. This action is not one which is described in 28 U.S.C. § 1445.

3. The Superior Court of Maricopa County, Arizona is located within this District and Division. Thus, the Superior Court of Arizona, Maricopa County action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. § 1441(a).

4. Promptly after filing this Notice of Removal, Defendant will file a copy of the Notice of Removal with the Superior Court of Maricopa County, Arizona, and will serve a copy on all counsel of record. *See* 28 U.S.C. §§ 1446 (a) & (d).

5. Defendant is not aware of any other process, pleadings, or other materials being served upon Defendant in the State Court Action, other than those included in the exhibits attached hereto.

6. Accordingly, removal of the State Court Action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 is proper because this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332.

7. Pursuant to 28 U.S.C. § 1446(a) and LRCiv 3.6(b), copies of all pleadings and other documents that were previously filed with the Maricopa County Superior Court and other appropriate documents to be filed are attached here, as follows:

5

a. **Exhibit 1** is a copy of all of the pleadings and other documents that were filed with the Maricopa County Superior Court, including the Complaint, Summons, and service-related documents.

b. **Exhibit 4** is a Civil Cover Sheet, as required by LRCiv 3.6(a).

c. **Exhibit 5** is Supplemental Civil Cover Sheet, as required by LRCiv 3.6(a).

d. **Exhibit 6** is the current docket of the Maricopa County Superior Court.

e. **Exhibit 7** is the verification of Jordan Wolff, counsel for Defendant, that true and correct copies of all pleadings and other documents filed in the state court proceeding have been filed, in accordance with LRCiv 3.6(b).

8.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is contemporaneously being filed with the Superior Court of Arizona, Maricopa County and served on Plaintiff by electronic means. By serving a copy of this Notice of Removal upon Plaintiff, Defendant is giving Plaintiff proper notice of this removal.

9.    In filing this Notice of Removal, Defendant does not waive and expressly reserves all objections and defenses it may have under Federal Rule of Civil Procedure 12(b) and any other rules application to this action.

10.    Nothing in this Notice of Removal or Defendant's other court filings should be deemed consent to personal jurisdiction in Arizona. Defendant expressly denies personal jurisdiction exists and will be filing a Motion to Dismiss on this basis.

Accordingly, Defendant removes the above-captioned civil action from the Superior Court of Maricopa County, Arizona, to the United States District Court for the District of Arizona.

1  **DATED:** May 17, 2024.

2                                            **HIMMELSTEIN & ADKINS**

3
                                            By____/s/ Jordan C. Wolff_____
4                                                Ben J. Himmelstein
                                                 Erik D. Smith
5                                                Jordan C. Wolff
                                                 6720 North Scottsdale Road, Suite 261
6                                                Scottsdale, Arizona 85253
                                                 *Attorneys for Defendant*
7

8

9                              **CERTIFICATE OF SERVICE**

10
        I hereby certify that on May 17, 2024, I electronically transmitted the foregoing
11

12  document and any attachments to the Clerk of the U.S. District Court for the District of

13  Arizona using the CM/ECF System for filing and a transmittal of a Notice of Electronic

14  Filing was sent to the CM/ECF registered participants as listed below.

15

16                                     Melaine Beauchamp
                                  4425 East Agave Road, Suite 110
17                                    Phoenix, Arizona 85044
                                     melanie@cheveuxrx.com
18                                          *Pro Per*

19

20

21  By: /s/ Kelsey Posusta

22

23

24

25

26

27

28