**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melanie Beauchamp, | No. CV-24-01160-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Mary Kate Flaherty, | |
| Defendant. | |

Pending before the Court is a motion to dismiss for lack of personal jurisdiction filed by Defendant Mary Kate Flaherty ("Defendant"). (Doc. 4.) For the reasons that follow, the motion is granted but Plaintiff is granted leave to amend.

**BACKGROUND**

I. Factual Allegations

Plaintiff Melanie Beauchamp ("Plaintiff"), who is proceeding *pro se*, sells cosmetic products and resides in Arizona. (Doc. 1-1 at 7-8 ¶¶ 1-2, 10.) Defendant is a social media influencer. (*Id.* at 7 ¶ 4.)

In or around February 2024, Defendant "reached out" to Plaintiff and "asked for products," which Plaintiff then provided "as compensation for [Defendant] creating content and promoting the products as a social media influencer." (*Id.*) This relationship continued until roughly March 26, 2024, when Defendant "appeared on TikTok live, and began disparaging Plaintiff and Plaintiff's business practices." (*Id.* at 8 ¶¶ 7-8.) Since then and up to at least the filing of the complaint on April 1, 2024, Defendant engaged in a

1  "campaign of disparagement" against Plaintiff, which involved "Defendant and her agents
2  open[ing] fake accounts on TikTok, to disparage, defame and harass . . . the products by,
3  for example, alleging that the pharmacy was not real amongst other falsities that included
4  both libel and slander." (*Id.* at 8 ¶¶ 10-12.)

5  Based on these allegations, Plaintiff asserts tort claims against Defendant for (1)
6  false light, (2) defamation, (3) business disparagement, and (4) intentional and negligent
7  infliction of emotional distress. (*Id.* at 9-10.)

8  II.  Procedural History

9  On April 1, 2024, Plaintiff commenced this action in Maricopa County Superior
10  Court. (Doc. 1-1 at 7-11.)

11  On May 17, 2024, Defendant timely removed the action to this Court. (Doc. 1.)

12  On May 21, 2024, Defendant filed the pending motion to dismiss for lack of
13  personal jurisdiction. (Doc. 4.) Defendant also enclosed, as an attachment to her motion,
14  a declaration in which she avows that she has "lived in Massachusetts" at all relevant times,
15  has "never set foot in Arizona," does "not operate a business, maintain an office, or own
16  real estate or other property in Arizona," and "never anticipated that [she] would be haled
17  into court in Arizona." (*Id.* at 14.)

18  On June 13, 2024, Plaintiff filed a response. (Doc. 5.) Plaintiff also filed, as an
19  attachment to her motion, a declaration that provides additional details regarding her
20  interactions with Defendant. (*Id.* at 37-38.) Also attached to the motion are
21  unauthenticated copies of assorted text messages, a letter, a shipping record, and what
22  appear to be transcripts of certain TikTok videos. (*Id.* at 15-36.)

23  On June 17, 2024, Defendant filed a reply. (Doc. 6.)
24  Neither side requested oral argument.
25  …
26  …
27  …
28  …

**DISCUSSION**

I. <u>Motion To Dismiss For Lack Of Personal Jurisdiction</u>

As it turns out, this is not the only case in which Plaintiff has sued a social media influencer who resides in New England based on the theory that the defendant agreed to receive products from Plaintiff and promote those products on social media, only to turn around and disparage Plaintiff and her products on social media. In *Beauchamp v. Muise et al.*, No. 24-cv-00861-GMS (D. Ariz.), Plaintiff filed a complaint that is quite similar to the complaint in this case. (*Muise*, Doc. 1-2 at 1-5.) The *Muise* complaint was filed in Maricopa County Superior Court on March 21, 2024, only 10 days before Plaintiff initiated this action in Maricopa County Superior Court. Like the complaint in this action, the *Muise* complaint asserts claims for false light, defamation, business disparagement, and intentional and negligent infliction of emotional distress. (*Id.*)

There, as here, the defendant removed the action to federal court and then moved to dismiss for lack of personal jurisdiction. (*Muise*, Docs. 1, 5.) The dismissal arguments raised by the defendant in *Muise* (who resided in New Hampshire) are essentially the same as Defendant's dismissal arguments here, and Plaintiff offered counter-arguments in *Muise* that are essentially the same as those Plaintiff offers here. (*Muise*, Docs. 5, 9.)

Earlier this month, Judge Snow issued a detailed order granting the motion to dismiss for lack of personal jurisdiction in Plaintiff's other case. *Beauchamp v. Muise*, 2024 WL 4364058 (D. Ariz. 2024). The Court has carefully reviewed that analysis, fully agrees with it, and concludes that it compels the same outcome here. Although there are some minor factual differences between this case and *Muise*, those differences are immaterial to the personal jurisdiction analysis.

II. <u>Leave To Amend</u>

In her complaint in *Muise*, Plaintiff included the following allegation: "Defendant Muise in a post made on Saturday, March 16, 2024, put Plaintiff in a false light and asked her followers to quote. 'We should go after her board certifications.' This inherently implies some ethical conduct or breach of professional duties." (*Muise*, Doc. 1-2 at 3 ¶ 15.)

In the recent dismissal order, Judge Snow concluded that because the complaint was vague about whether this allegation constituted a reference to Plaintiff's board certifications in Arizona (in which case there might have been a stronger claim of purposeful direction) or an unrelated third party's board certifications in a different state, and in light of Plaintiff's *pro se* status, Plaintiff should be granted leave to amend. *Muise*, 2024 WL 4364058 at *4.

The complaint in this case contains a nearly identical allegation: "On March 26, 2024, Defendant put Plaintiff in a false light and asked her followers to quote. 'Go after her board certifications.' This inherently implies some unethical conduct or breach of professional duties." (Doc. 1-1 at 9 ¶ 15.) Thus, even though Plaintiff did not request leave to amend in her response brief and it is unclear whether Plaintiff is entitled to the usual solicitude offered to *pro se* litigants,[1] the Court concludes in an abundance of caution that leave to amend should be granted here, too. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) ("Rule 15 advises the court that leave shall be freely given when justice so requires. This policy is to be applied with extreme liberality.") (cleaned up); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."); *Prime Healthcare Servs., Inc. v. Emblemhealth, Inc.*, 2016 WL 11771246, *4 (C.D. Cal. 2016) ("Courts have more often than not granted leave to amend after granting a motion to dismiss on 12(b)(2) grounds.").

…

…

…

…

---

[1] Defendant argues in her reply that Plaintiff "was once a licensed Arizona attorney." (Doc. 6 at 1.) Although "the Ninth Circuit has never determined whether a former attorney deserves the grace granted to other pro se individuals," some district courts have "decline[d] to extend the benefit of a liberal pleading standard" in this scenario because there is "no reason to suspect [such a litigant] is unskilled in the law or as prone to error as litigants lacking [such] legal training." *Steinmeyer v. Am. Ass'n of Blood Banks*, 2024 WL 499478, *4 (S.D. Cal. 2024) (cleaned up).

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 4) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff may file a First Amended Complaint ("FAC") within 14 days of the issuance of this order. Any changes shall be limited to attempting to cure the deficiencies raised in this order and Plaintiff shall, consistent with LRCiv 15.1(a), attach a redlined version of the pleading as an exhibit.

**IT IS FURTHER ORDERED** that if Plaintiff does not file a FAC within 14 days of the issuance of this order, the Clerk shall enter judgment accordingly and terminate this action.

Dated this 11th day of October, 2024.

Dominic W. Lanza
United States District Judge